[L. A. No. 4565.   Department One.—November 15, 1918.]

## H. B. FIFE, Appellant, v. JAMES H. MATHES, Respondent.

EJECTMENT—INSTRUCTED VERDICT—FAILURE TO SHOW TITLE BY POS-SESSION.—The court properly instructed a verdict for the defend-ant in an action of ejectment in which plaintiff's claim to the prop-erty was based merely on a claim to the naked possession of the property, and the defendant's upon a tax deed from the state, where it appeared from the evidence that the only acts of dominion over the property whereby plaintiff's possession was manifested were not taken by him, but by one whose sole authority to do so in the name of and for plaintiff was a power of attorney, wherein no claim to or reference in any manner was made to the property, and the agent's authority to act was restricted to acts in connection with real property then or thereafter standing in the name of plaintiff, or to property in which he had some right or interest, but the prop-erty in question being vacant and unoccupied lots.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert C. Kelley, for Appellant.

Hamilton & Lindley, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Plaintiff sues in eject-ment, alleging that on July 10, 1914, while he was in lawful and peaceable possession of certain described city lots, claim-ing title thereto in fee, he was ousted therefrom by defend-ant, who, without right or title and by force, entered into possession of the same, which he withholds from plaintiff, all of which allegations are denied by the defendant, who in his answer alleges ownership of the property in himself.

The case was tried by a jury, which, as directed by the court, brought in a verdict for defendant, upon which judg-ment was entered and from which plaintiff appeals.

Plaintiff's claim to the property was based wholly upon the naked possession thereof, and defendant's right thereto was founded upon a tax deed from the state of California,

which the court, over plaintiff's objection to its competency, admitted in evidence. The court's ruling in so receiving the deed in evidence is the chief, and, indeed, the only error relied upon by plaintiff for a reversal of the judgment.

It is unnecessary to pass upon the alleged error of the court in so ruling, since, as we view the case, the record fails to show that plaintiff was ever at any time in possession of the property.

As disclosed by the evidence of Herbert C. Kelly, who appeared in the dual capacity of both attorney and sole witness for plaintiff, the latter on April 1, 1914, for an expressed consideration of one dollar, executed to him an irrevocable power of attorney "to buy, acquire, receive, sue for, defend, recover, manage, maintain, improve, control, sell, convey, assign, mortgage, pledge, lease, release, receive rents, profits, incomes, proceeds and price and reinvest or dispose of the same, compromise, settle and deal in or with in every way whatsoever, as freely as I myself might do in the absence of this grant, any and all real or personal property or interest or right therein or thereto now or hereafter standing in my name or in or to which I now or hereafter may have any interest or right whatsoever within the County of San Diego, State of California, and to do any and every act, execute any and every instrument, carry on any and every business, and to make and carry out any and every agreement or arrangement which may in his judgment be convenient or advisable for any of the purposes mentioned herein."

Kelly further testified: "I don't know anything about H. B. Fife," "I don't know whether Mr. Fife was just a hobo or not"; that he had met him only once and that was when alone on the street in La Jolla; that he did not know his present residence and had no correspondence with him as to the power of attorney under which, without any direction so to do, or other authority than that conferred by the document, he, some time in April, 1914, at his own expense, had a fence erected around the lots, for the cost of which he was reimbursed by one Max Watson, not shown to have any connection with plaintiff; that he never at any time talked with Mr. Fife concerning the property nor informed him as to the fencing of the same, nor of any acts taken in regard thereto; that plaintiff's claim to the property was not based upon any deed or instrument of conveyance, but solely upon

the fact that from some time in April, 1914, when the fence was erected, to July 10th following, when the alleged ouster occurred, he was in possession thereof.

Conceding, as claimed by appellant, that the tax deed was insufficient to divest the real owner of title to the lots, and that defendant's entry thereon was unlawful, plaintiff was in no position to complain unless, as claimed, he was at the time in possession thereof. The acts of dominion over the property whereby his possession was manifested were not had and taken by plaintiff but by Kelly, whose sole authority so to do in the name of and for plaintiff was the power of attorney, wherein no claim to or reference in any manner was made to the lots. By the terms of the instrument, Kelly's authority to act for plaintiff was restricted to acts in connection with real property then or thereafter standing in the name of plaintiff, or to property in which he had some right or interest. This did not empower Kelly, as attorney in fact for plaintiff, in the absence of any claim, right, or interest asserted by plaintiff, to take possession of vacant and unoccupied lots in the name of plaintiff, who, it appears, was never informed of the unwarranted acts, and thus afforded opportunity to disclaim the same. If in the commission of such trespass damage had resulted, could it be said that plaintiff would have been liable therefor? If not, it would seem equally clear that the unauthorized acts of Kelly constituted no ground upon which plaintiff could assert that he was in possession of the lots at the time of the ouster. Our conclusion is that the evidence excludes any inference that plaintiff was at any time in possession of the lots, and since the alleged possession thereof is the sole ground upon which he based his right of action, it must follow that, without regard to whether the court erred in admitting the tax deed in evidence and instructing the jury as to the effect thereof, the directed verdict in favor of defendant was not unwarranted by the facts so made to appear.

There is no merit in the contention that the court erred in denying plaintiff's motion, made at the close of the evidence, to file a supplemental complaint, wherein he proposed to set up a deed from someone purporting to be a conveyance to him of the property in question.

We may say that the action of plaintiff's attorney, as shown by his own testimony, discloses the fact that he was

knowingly engaged in conducting an illy camouflaged transaction for himself and others, using the name of plaintiff, who he knew had no interest in the subject of the action.

The judgment is affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.